**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **CR 06-00098-01 ML**

**PATRICIA MOORE**
**a/k/a Kelly Moore**
**a/k/a Renea Johnson**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF A REQUEST FOR DOWNWARD DEPARTURE**

**Travel**

Defendant entered a plea of Guilty in the above matter on October 13, 2006. This indictment charges Defendant with two counts. Count 1 charges Defendant with Conspiracy to Commit Bank Fraud, in violation of Title 18, USC, Section 1349, a class B felony. Count II charges Defendant with Fraud with Identification Documents, in violation of Title 18 USC Sections 1028A(a)(1) and (c) (5). A Presentence Report was submitted by the Probation Office on December 13, 2006.

**Grounds for Downward Departure**

Although sentencing courts had discretion to move up or down from the determined guideline level in the past, post Booker, the courts have more discretion in varying from the guideline determinations and are free to impose what the court determines, is a fair and reasonable sentence.

As the Court is well aware, the factors which the court is required to consider are set out in 18 USC § 3553(a):

"**(a) Factors To Be Considered in Imposing a Sentence.**— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed—

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

**(ii)** that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

**(5)** any pertinent policy statement—

**(A)** issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

**(B)** that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense."

The statute directs the Court after consideration of these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing as set forth in subsection (a)(2).

The United States Sentencing Commission Guidelines Manual reads as follows:

"4A1.3. Departures Based on Inadequacy of Criminal History Category (Policy Statement

(b) Downward Departures.

(1) Standard for Downward Departure. If reliable information indicates that the defendant's criminal

history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

As the Court stated in United States v. Wilkerson, 183 F. Supp. 2d 373 (2002),

> "A number of courts have allowed departures below the ranges set by the Guidelines based on the principles set forth in U.S.S.G. § 4A1.3. Recognizing the inadequacies of the criminal history scoring system, the Sentencing Commission encouraged departures where 'reliable information' indicates that the criminal history category 'significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.' n8 Clearly, § 4A1.3 departures are 'encouraged departures' under Koon v. United States, 116 S. Ct. 2035 (1996).
>
> Significantly, to qualify for this departure, unlike departures in Chapter 5, the Court does not have to find that there is something atypical about the record. Specifically, the court does not have to find that 'there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.' 18 U.S.C. § 3553(b). The statutory authority for the promulgation of U.S.S.G. § 4A1.3 lies not in 18 U.S.C. § 3553(b), the departure authority, but 'in the basic provision of the Sentencing Reform Act that gives the Commission the authority . . . to take into account, where relevant, the defendant's criminal background,' United States v. Shoupe, 988 F.2d 440, 446 (3d Cir. 1993).
>
> In Shoupe the court held that because § 4A1.3 is specifically provided for in the Guidelines, it is 'conceptually distinct from the provision in § 5K2.0 for departures based on factors not accounted for in the Guidelines.' Shoupe, 988 F.2d at 442. See, e.g., United States v. Cadavid, 192 F.3d 230, 238-39 (1st Cir. 1999).
>
> Criminal history departures permit a court to put the defendant's record in the context of his life and background."
>
> Wilkerson, *supra,* at 379-380

As the United States District Court for the Eastern District of Wisconsin recently stated in United States v. Moses, 2007 US Dist. Lexis 1535:

> "Section 4A1.3 provides for a horizontal departure where reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes. U.S.S.G. § 4A1.3(b)(1). I have identified various relevant factors in ruling on such a motion, including the age of the prior offenses; the defendant's age at the time he committed them; whether the prior offenses were committed while the defendant was under the influence of drugs or alcohol; the circumstances of the defendant's prior convictions, i.e. whether they were petty or non-violent; the length of the prior sentences; what was going on in the defendant's life at the time he committed the prior offenses; and the closeness in time of the prior offenses, i.e. whether they

were they part of one "spree." United States v. Eisinger, 321 F. Supp. 2d 997, (E.D. Wis. 2004)."

Moses, *supra,* at 13-14.

In the case at bar the Presentence Report calculates the Defendant's criminal history at 10 Criminal History points, which places Defendant in a category of V. This calculation of 10 Criminal History points is arrived at by adding eight criminal history points based on several prior offenses, plus two additional criminal history points because the Defendant was on probation in regard to a California case at the time of this offense.

A closer look at Ms. Moore's criminal history however, supports the contention that it substantially over-represents her criminal past and the likelihood that she will commit new crimes in the future. Among the relevant considerations for the Court to weigh are whether the Defendant's prior convictions were non-violent offenses; in this Defendant's case, although there have been several contacts with the law, those contacts were exclusively non-violent. To impose a sentence under the Category V criminal history would be to equate this Defendant's offenses with those of a violent career criminal, and this would be extremely unfair. This is precisely the type of case that the commentaries to the guidelines and the case law suggest would warrant a horizontal departure.[1]

Two of the offenses for which Ms. Moore received criminal history points are especially at issue.

---

[1] *See* United States v. Eisinger, 321 F. Supp. 2d 997, which in turn cites the following at page 1007: United States v. Wilkerson, 183 F. Supp. 2d 373, 381 (D. Mass. 2002) (departing where defendant had no convictions for crimes of violence but mostly drug and motor vehicle offenses); United States v. Wilkes, 130 F. Supp. 2d 222, 239-40 (D. Mass. 2001) (departing to category I where defendant had only "two convictions for minor drug offenses" yet was placed in category III); United States v. Lacy, 99 F. Supp. 2d 108, 119 (D. Mass. 2000), aff'd, 16 Fed. Appx. 10 (1st Cir. 2001) (departing where defendant's record was "largely non-violent, and relatively minor, the kind that characterizes an out-of-control addict"); United States v. Hammond, 37 F. Supp. 2d 204, 205 (E.D.N.Y. 1999) (departing from category VI to III where defendant "had no history of violent behavior [and his] prior arrests resulted from minor drug crimes involving facilitation of the sale of drugs and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of narcotics"); United States v. Leviner, 31 F. Supp. 2d 23, 32-34 (D. Mass 1998) (departing where defendant's priors were minor, mostly motor vehicle and possession charges, and non-violent).

**The 2000 DUI offense**

Ms. Moore's criminal history dates back to 1970 when Ms. Moore was 18 years old. She is now 54 years old. The first offense for which she has received criminal history points occurred in 1983, more than 23 years ago. She received 180 days in jail and 5 years probation on a charge of Grand Theft.

In 2000 Ms. Moore was charged with Driving Under the Influence and Possession of a Controlled Substance. It is this California offense SA039356 which the Defendant takes issue with because it adds three points to Ms. Moore's criminal history and takes her from 7 points total and a Category IV designation to 10 points and the Category V designation.

Defendant was charged in SA039356 on May 10, 2000 with Driving Under the Influence in Count 1; Possession of a Narcotic Substance in Count 2; and Unlicensed Driver in Count 3. On February 27, 2003 Count 3 was dismissed, and on Counts 1 and 2 the Defendant pled guilty and received 2 days in jail, 36 months probation and a fine in the amount of $390. The 36 months probation would have expired on February 27, 2006, which is prior to the offense date in this matter.

The Presentence Report indicates that on January 27, 2004 the Defendant failed to appear for sentencing after an admission to a violation of probation, and that an arrest warrant was issued; this is the basis of the violation, but it is clear that no new substantive or violent offense occurred. In fact, the Defendant had been sentenced to a treatment program as part of her probation in this case and the violation itself was a failure to fulfill all the obligations of the program.

Defendant submits that adding three points to Ms. Moore's criminal history based on this offense and set of circumstances is to <u>substantially</u> over-represent her criminal past.

**The 2002 False Identification to a Peace Officer (misdemeanor) Offense**

The Defendant was charged with the above offense and pursuant to a plea agreement a plea of guilty was entered and she received 3 years probation, suspended, providing she serve a 30-day jail sentence. Ms. Moore used an alias when she was initially apprehended and within a short time admitted that she had done so. This offense added 1 point to Ms. Moore's criminal history.

**Summary**

The two offenses referenced above add 4 points to Ms. Moore's criminal history, taking her from a Category III status with 6 points to a Category V status with 10 points. Defendant submits that the additional prison time that results is unnecessary given the nature of these offenses, and further submits that even a Category III designation will result in a guideline range of 8-14 months, <u>in addition to the two-year mandatory prison time to be served on Count II of this indictment.</u>

The capacity to reform is clearly within the capability of this Defendant. When one reads the letters that have been submitted on her behalf, a consistent picture comes forth. Most of the letters submitted use the same phrase to describe the Defendant—"caring" or "one who takes care" of others. Family members and friends of Ms. Moore all describe her using this kind of terminology, and if the Defendant is truly this kind of person, then she clearly has the capacity to reform her life and "take care" of herself, as well as others.

Defendant respectfully submits that she is 54 years old at this point in her life. When she serves her two-year mandatory sentence on Count II, she will be 56 years old. If this Court imposes a sentence in a range of 8-14 months or 18-24 months, the same message will be sent by the Court and will be heard and received by this Defendant. The additional 10 months imposed pursuant to a Category V designation will not alter the message or increase the Defendant's acceptance of it. In other words, to put it bluntly, the Defendant recognizes the need to put her fraudulent conduct behind her,

and a sentence of an additional 10 months is unnecessary in order to further convince her of the error of her past ways and the need to reform at this stage of her life.

Defendant has expressed in her letter to the Court her acceptance of responsibility and her insight into the consequences of her behavior. She now recognizes that a combination of things, including the loss of her son and her mother, and also including her own choices, "has driven me to the path of destruction."

As she states in her letter: "I have had plenty of time to try and find myself. I've been seeking help from the doctors and from God. I'm asking Your Honor for some forgiveness and a little understanding for my behavior, not only you, but from the people I've hurt as well."

Clearly this is a Defendant who has not only accepted responsibility in the legal sense, but in the spiritual sense as well. It is not too late for her to change her life, and therefore a lengthy prison sentence will not serve any real purpose for her but to postpone her reuniting with her family in order to live her life in a productive and changed way. Departing downward from the guideline sentence will satisfy every purpose that the Court would like to accomplish through this sentence—the Defendant will be incarcerated for 2+ years, and she will be on Probation for a period of years following her release.

As stated before, if the Defendant is not sincere about leading her life in a lawful manner following her release from incarceration, the additional prison time called for by a Category V designation will probably not make much of a difference, as the decision to retire from unlawful, scheming conduct has to be the Defendant's alone to make. She is prepared to do that and asks this Court to give her that opportunity.

Defendant requests a departure from Category V to Category III and requests that she be sentenced at the lower end of the guideline range for a Level 9 offense.

Respectfully submitted,

PATRICIA MOORE

By Her Attorneys,

Jeffrey B. Pine Esq. #2278
321 South Main St.
Providence, Rhode Island 02903
401-351-8200

Stephen J. Ryan Esq.
321 South Main St.
Providence, Rhode Island 02903
401-351-8200

**CERTIFICATION**

I hereby certify that a true copy of the within Sentencing Memo was sent to AUSA Lee Vilker, 50 Kennedy Plaza, Providence, Rhode Island 02903; Heather McLoughlin, United States Probation Officer, 2 Exchange Terrace, Providence, Rhode Island, 02903, on the 2d day of February, 2007.