IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 06-098-01ML |
| | : | |
| PATRICIA MOORE | : | |

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

Defendant Patricia Moore ("Moore") has moved this Court for a downward departure under U.S.S.G. § 4A1.3, arguing that her criminal history category over-represents the seriousness of her criminal history. The United States respectfully disagrees. Moore has dedicated her adult life to a relentless series of white-collar crimes and has well-earned her criminal history score.

*Argument*

Guidelines section 4A1.3(b) provides that "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

In United States v. Perez, 160 F.3d 87, 89 (1st Cir. 1998) (en banc), the First Circuit recognized that "departures for atypical criminal history are specifically encouraged under U.S.S.G. § 4A1.3." Thus, a defendant who does not qualify for a vertical departure may still be entitled to a horizontal departure if the sentencing court finds that the assigned criminal history category significantly over-represents or under-represents the seriousness of defendant's prior convictions. U.S.S.G § 4A1.3; United States v. Delgado-Reyes, 245 F.3d 20, 23 (1st Cir. 2001).

In the policy statement regarding the adequacy of the criminal history category, the Commission provided the following recitation as an example of a case where the CHC significantly over-represents defendant's criminal history and likelihood of recidivism:

> An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure . . . .

U.S.S.G § 4A1.3.

Defendant Moore has amassed ten criminal history points through an uninterrupted life of crime that began when she turned eighteen. She was first convicted of forgery in 1980, based on an offense that took place ten years earlier, and was sentenced to 36 months probation. (PSR ¶ 29) Shortly after that period of probation was completed, Moore committed another bank fraud offense and was convicted of grand theft in 1988. Moore received a sentence of 180 days imprisonment to be followed by 5 years probation. (PSR ¶ 30) Three criminal history points were assessed for that offense. Moore also committed forgery of an endorsement in 1986 and the sale of cocaine in 1988, but received no criminal history points for those offenses due to their age. (PSR ¶ 31, 32) In September 1994, a mere month after her probation had expired for her prior offense, Moore committed burglary, possession of a driver's license to forge, petty credit card theft with intent to defraud and forge credit card to defraud. (PSR ¶ 33) She was sentenced to 16 months incarceration for these offenses. In 2003 (based on a 2000 arrest), Moore was convicted of driving under the influence and possession of a narcotic controlled substance and was sentenced to 2 years imprisonment and 36 months probation. (PSR ¶ 34) Finally, in 2002, Moore was convicted of false identification to peace officers, after she attempted to obtain a Costco membership with false identification and a fraudulent check. (PSR ¶ 35)

The above offenses reflect an individual who has dedicated her adult life to the commission of bank fraud, credit card fraud and identity theft. As demonstrated by the offense facts herein, that propensity graduated to another level in this case, as Moore appears to have directed a sophisticated bank fraud and identity theft scheme. Moore flew to Rhode Island using a fake identity, rented a hotel room and car using that same identity, hid the crime proceeds in her undergarments and, with her co-defendants, utilized fictitious drivers licenses and social security cards to purge the accounts of innocent Bank of America customers. (PSR ¶ 12). This is not the behavior of an individual whose criminal history category over-represents the likelihood that she will commit other crimes. Rather, the blatant manner in which Moore has continued to commit fraud should leave the Court with no comfort that she will somehow amend her behavior after she has finished serving her sentence in this case. Moore's criminal history category of V rightly reflects the life of crime she has lived.

Defendant appears to make two arguments in support of her motion. First, she argues that because her offenses were non-violent in nature, it would somehow be unfair to impose a sentence under a criminal history category of V.[1] This argument, in the United States' view, reflects a lack of remorse and acceptance by the defendant of the serious nature of her prior crimes. Each of those crimes, as well as the instant offense, had significant victims, including the financial institutions that were defrauded and the individuals whose identities were stolen. In essence, defendant is requesting that the Court depart downward for a career white-collar

---

[1] Defendant cites to a number of cases in which the defendant's criminal history consisted of minor motor vehicle offenses and minor drug offenses. See Defendant's Memorandum of Law at 4, f.n. 1. Such is not the case here, as Moore's prior convictions include several serious felonies, including grand theft, forgery, the sale of cocaine and burglary.

criminal merely because she has not resorted to violence when injuring others. The Court should reject this argument.

Second, defendant argues that the criminal history points for the offenses listed in paragraphs 34 and 35 of the PSR over-represent her criminal history. One point was added for the offense listed in paragraph 34 for driving under the influence and possession of a narcotic controlled substance. This point was properly added. This offense was not for some minor driving infraction, but was rather for the very serious offense of driving under the influence while in possession of a narcotic. Indeed, of all the offenses listed in the PSR, this particular one appears to have posed the most imminent physical danger to others. Next, defendant argues that the single point added for the 2002 offense of false identification to a peace officer over-represents the true nature of her criminal history. To the contrary, the offense facts indicate that defendant attempted to obtain a Costco membership with false identification and a fraudulent check. (PSR ¶ 35) In an effort to avoid apprehension, defendant drove her car through the wrong way of a Taco Bell drive thru. Defendant then provided the police with an alias and went so far as to forge a false signature on her arrest card. (Id.) This criminal history point, like all the others, was well-deserved.

*Conclusion*

Defendant Moore has devoted her adult life to the commission of one serious crime after the next. As a result, the Probation Department rightly concluded that she has earned ten criminal history points and a Criminal History Category of V. These is no reason to believe that defendant's criminal history category substantially over-represents her criminal history or that it over-represents the likelihood that defendant will commit other crimes. Accordingly, defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
lee.vilker@usdoj.gov

Dated: February 5, 2007

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 5th day of February, 2007, I caused the within Government's Memorandum of Law to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Jeffrey B. Pine, Esquire
321 South Main Street
Providence, R.I. 02903
127 Dorrance Street, 2nd Floor
Providence, R.I. 02903

I further certify that a copy was mailed via regular mail to:

Heather McLoughlin
United States Probation Officer
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

/s/Lee H. Vilker
Lee H. Vilker
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Lee.vilker@usdoj.gov