IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
vs. ) 1:06CR00098-01ML
)
PATRICIA MOORE )

GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
INMATE FINANCIAL RESPONSIBILITY

Now comes the United States of America, by and through its undersigned attorneys, Robert Clark Corrente, United States Attorney, and Lee H. Vilker, Assistant United States Attorney, and hereby responds to Defendant's Motion to Reduce Inmate Financial Responsibility as follows:

Background

On October 13, 2006, the defendant pled guilty to two counts of the above-referenced superseding indictment, a violation of Title 18, United States Code, Section 1349 [Conspiracy to Commit Bank Fraud] and a violation of Title 18, United States Code, Section 1028A(a)(1) Aggravated Identity Theft. On February 15, 2007, the Court sentenced the defendant to 18 months' imprisonment on count I, and 24 months imprisonment on Count II to be served consecutively, to be followed by five years of supervised release. In addition to the $200 mandatory special assessment, the Court ordered that the defendant pay restitution to Bank of America in the amount of $10,800.00. Interest was waived. The judgment stipulated that "[t]he defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed." Further, the restitution was imposed as a joint and several obligation with Zelpha Conyers (1:07CR00002-01ML) and Debbie Tucker (1:06CR00093

-01ML)[1] Defendant Conyers' monetary imposition included an additional $312,000.00 in restitution to Bank of America for additional violations. (A copy of Patricia Moore's Order of Judgment and Commitment is attached as Exhibit A.) The defendant did not appeal the judgment imposed.

The defendant has paid a total of $50.00 toward the special assessment through the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). The defendant indicates in her motion that her current IFRP payment plan calls for $25.00 payments quarterly which was increased to $125 per month effective February 2008. Her most recent payment, in the amount of $25.00, was posted on October 18, 2007. Accordingly, as of February 29, 2008, the Bureau of Prisons indicates that her remaining balance is $10,950.00.

Now, the defendant asks the Court to "waive" the requirements to make payments through the IFRP.

The government has learned that a total of $14,563.00 was recovered by the victim, Bank of America, on October 18, 2007. The money, seized by the North Providence Police Department from the defendants upon their arrest on July 12, 2006, had been held in evidence until the final defendant, Zelpha Conyers, was sentenced on June 29, 2007. (See Exhibit C attached).

The judgment specifies that "[t]he defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed." Accordingly, the return of the seized funds to Bank of America effectively reduces the Joint and Several restitution for all

---

[1] Ms. Moore's Judgment and Commitment Order (dated February 15, 2007) actually lists the joint and several defendants as Patricia Moore and Debbie Tucker. Ms. Tucker's Judgment and Commitment Order (dated December 14, 2006) lists the joint and several defendants as Debbie Tucker and Patricia Moore. However, Zelpha Conyers Judgment and Commitment Order (dated June 29, 2007) lists all three as joint and several defendants. (A copy of Zelpha Conyers Judgment and Commitment Order is attached as Exhibit B).

three defendants to $0.00, and reduced Defendant Conyers' restitution obligation to $309,162.00.

Once the restitution is reduced, the defendant's monetary obligation will include only the $150.00 balance remaining on the special assessment, and the Financial Litigation Unit of the United States Attorney's Office will notify the defendant's IFRP Coordinator. Therefore, she will only be required to make one $125.00 payment through the IFRP to be followed by a payment in the amount of $25.00 which will satisfy the entire monetary obligation. The defendant's motion, then, is moot.

Wherefore, the government respectfully requests that the defendant receive credit in the amount of $10,800.00 toward the joint and several restitution obligation[2] and that the defendant's Motion to Waive IFRP be dismissed as moot.

Respectfully submitted,
UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker
LEE H VILKER
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: lee.vilker@usdoj.gov

[2] Since the restitution is a joint and several obligation, the same amount should be credited to the $10,800 restitution in the companion cases, and an additional $3763.00 should be credited toward the $312,000 restitution obligation of Zelpha Conyers.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29h day of February, 2008, I caused the within Response to Motion to Reduce Inmate Financial Responsibility in this case to be electronically filed with the Clerk of the Court using the CM/ECF system

I further certify that on the 29th of February, 2008, a true copy of the Response to Motion to Reduce Inmate Financial Responsibility was sent by regular mail to:

Ms. Patrici Moore
#05772-070
FCI Tallahassee
Federal correctional Institution
501 Capital Circle, NE
Tallahassee, FL 32301

/s/ Lee H. Vilker
LEE H. VILKER
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: lee.vilker@usdoj.gov